In The Matter of Kevin LOUGHERY, Jr., Debtor.

Spencer R. Allen, Jr. and Thomas J. Davis, Plaintiffs

v.

Kevin Loughery, Jr., Defendant.

Bankruptcy No. 09–69033–PWB.

Adversary No. 09–6380.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 8, 2011.

James C. Cifelli, Chris D. Phillips, Lamberth, Cifelli, Stokes & Stout, PA, Atlanta, GA, Frank A. Lightmas, Jr., Atlanta, GA, for Plaintiffs.

Kim T. Stephens, Athens, GA, for Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

PAUL W. BONAPFEL, Bankruptcy Judge.

Spencer R. Allen, Jr. and Thomas J. Davis, the Plaintiffs in this proceeding, seek a determination that their $476,338.42 judgment against Kevin Loughery, Jr., the debtor in a chapter 7 case and defendant here, is excepted from discharge pursuant to 11 U.S.C. § 523(a)(19). The Plaintiffs have filed a motion for summary judgment.[20]. For the reasons stated herein and in previous rulings in this proceeding as discussed below, the Plaintiffs' motion is granted

At the outset, the Court notes that the Plaintiffs filed a "Statement of Uncontested Material Facts" (the "Statement") in support of their motion [20–2], as BLR 7056–1(a)(1) N.D. Ga., requires. Although the Debtor, who is proceeding *pro se*, did not respond to the Plaintiffs' summary judgment motion or contest the Statement, as BLR 7056–1(a)(2), N.D. Ga., requires, the Court held a hearing on the motion on May 10, 2010. The Debtor appeared and opposed the motion. After hearing from counsel for the Plaintiffs and the Debtor, the Court announced its ruling in the Plaintiffs' favor on all but one issue, as discussed below, and gave the Debtor an opportunity to contest the Plaintiffs' Statement with regard to that issue.

As set forth in the Court's order entered on June 16, 2011[33], the time for the Debtor to contest the factual showing of the Plaintiffs was June 23, 2011.[1] The Debtor has not filed any response contesting the Plaintiffs' assertions of fact.

1. The June 23 deadline was an extension of a June 10 deadline to which the parties had agreed. *See* Letter from Debtor [32].

The material facts as set forth herein and as found by the Court at the May 10 hearing are established by the materials the Plaintiffs submitted in support of their motion for summary judgment. Because the Debtor has not produced any evidence to controvert any of them, these material facts are deemed admitted and are not disputed. BLR 7056–1(a), N.D. Ga.

## I.  Statement of Facts and Issues

On October 17, 2005, the Plaintiffs brought an action against the Debtor, an officer and director of 3D Pipeline Simulation Corporation ("3D Pipeline"), in the United States District Court alleging various violations of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (the "1933 Act"), and the Georgia Securities Act of 1973, O.C.G.A. 10–5–1 *et seq.*[2] The Plaintiffs sought rescission of the sale of 3D stock and return of $450,000 paid as consideration.

On March 23, 2007, the District Court entered an Order granting in part and denying in part the Plaintiffs' motion for summary judgment (the "Summary Judgment Order"). In particular, the District Court concluded in the Summary Judgment Order that the Debtor was liable for the sale of unregistered stock to the Plaintiffs in violation of the 1933 Act.

After entry of the Summary Judgment Order, the parties reached a settlement of the District Court action. As part of the settlement, the Debtor issued the Plaintiffs a promissory note in the amount of $320,000. The Settlement Agreement contained a "Non–Admission of Liability" clause that states that the Agreement does not constitute an admission that any party has any liability to any other party or that any conduct was in violation of any federal or state statute, regulation, or common law. No final judgment was ever entered

in the District Court action and it was dismissed with prejudice.

The Debtor defaulted on the promissory note executed as part of the Settlement Agreement. As a result, the Plaintiffs obtained a consent judgment against the Debtor in the amount of $476,338.42 plus post-judgment interest in the Fulton County Superior Court.

The Plaintiffs contend that their debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(19) because it arises from the Debtor's violation of the federal securities laws and results from a settlement agreement entered into by the Debtor. Section 523(a)(19) provides that an individual debtor in a chapter 7 case may not discharge in chapter 7 a debt that—

(A) is for—

> (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—

> (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

> (ii) any settlement agreement entered into by the debtor; or

> (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

**2.**  *Spencer R. Allen, Jr. and Thomas J. Davis v. Loughery et al.,* Civil Action No. 1:05–CV–2685–TWT. The complaint also named 3D, KLM Investments, and Donald Sallee as defendants.

In order to be nondischargeable, the debt must meet the requirements of both subparagraphs (A) and (B) of § 523(a)(19). Thus, in order to prevail, the Plaintiffs must demonstrate that their debt (1) is for violation of securities laws (§ 523(a)(19)(A)); and (2) results from a judgment, order, consent order, decree or settlement agreement (§ 523(a)(19)(B)).

A preliminary issue is whether the Plaintiffs' debt cannot qualify for exception under § 523(a)(19) because it is based on a settlement agreement and consent judgment in which the Debtor did not admit liability.

The Plaintiffs earlier sought judgment on the pleadings on the theory that the District Court's grant of summary judgment established as a matter of law that the Debtor owed a debt for violation of a securities law. This Court concluded that the District Court order was not a final order that could have such preclusive effect. (Order Denying Motion for Judgment on the Pleadings, October 12, 2010[16].)

In the course of that ruling, the Court concluded that, under *Archer v. Warner*, 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003), the settlement of the District Court litigation without an admission of liability did not change the nature of the debt or preclude a finding that the Debtor owes a debt for violation of a securities law. (October 12, 2010 Order [16] at 5).

The debt here results from a settlement agreement that resolved allegations that the Debtor violated securities laws.[3] If the Debtor violated a securities law, therefore, the debt is excepted from discharge under § 523(a)(19).

Thus, the issue before the Court is whether the Debtor violated a securities law. The Plaintiffs assert that he violated

the Securities Act of 1933, 15 U.S.C. § 77(a) *et seq.* (the "1933 Act").

## II. Discussion

The Court must determine whether the Plaintiffs have established as a matter of law that the debt owed to them by the Debtor is for the violation of securities laws.

At the hearing on the Plaintiffs' motion for summary judgment on May 10, the Court announced and explained the following conclusions with regard to whether the Debtor violated the 1933 Act:

(1) Stock in 3D Pipeline was offered and sold to the Plaintiffs;

(2) The 3D Pipeline stock sold to the Plaintiffs was a security that was not subject to an effective registration statement under the 1933 Act.

(3) Facilities of interstate commerce were used in connection with the offer and sale of the 3D Pipeline stock; and

(4) Because the Debtor did not offer, and could not offer, evidence with regard to the number of persons to whom 3D Pipeline Stock had been offered, he failed to meet his burden of proof that an exemption from registration existed under the 1933 Act.

Given the resolution of these issues in the Plaintiffs' favor, the only remaining issue with regard to Debtor's violation of the 1933 Act is whether the Debtor sold, or participated in an offer for the sale of, the 3D Pipeline stock.

The Statement sets out a number of facts that establish, in the absence of any other evidence, that the Debtor, at a minimum, participated in the offering of 3D Pipeline stock to the Plaintiffs. See Plaintiffs' Statement [20–2] ¶¶ 7–38. The Debtor has not controverted the statements

---

**3.** The Debtor does not argue that the settlement agreement resulted from possible liability for some reason other than a securities law violation.

themselves or the evidence that supports them, and he has not produced any other evidence that puts these facts in dispute, as the Court's June 16, 2011 Order [33] required. Consequently, the Court concludes, as a matter of law, based on the undisputed material facts, that the Debtor participated in the offering of 3D Pipeline stock to the Plaintiffs.

Because the Plaintiffs have established, based on the undisputed material facts, that the Debtor owes a debt for a violation of a securities law that results from the settlement agreement and consent order based on that violation, the Plaintiffs are entitled to judgment as a matter of law that the debt is excepted from discharge under 11 U.S.C. § 523(a)(19). Therefore, the motion for summary judgment is granted.